**Fabian CRUZ–HERNANDEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**Fabian Cruz–Hernandez, Petitioner,**

v.

**Eric H. Holder, Jr., Attorney General, Respondent.**

Nos. 05–70954, 05–75707.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2010.

Filed Feb. 19, 2010.

Gerald E. Burns, Esquire, Chandler, AZ, Delia Salvatierra, Esquire, Law Office of Delia Salvatierra, P.C., Mesa, AZ, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony Paul Nicastro, Esquire, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: NOONAN, BERZON and IKUTA, Circuit Judges.

**MEMORANDUM \***

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The government concedes that the Immigration Judge (IJ) erred under 8 U.S.C. § 1229a(b)(5)(A) in refusing to issue Cruz–Hernandez's removal order *in absentia*, where it is undisputed that Cruz–Hernandez was not in fact present at his hearing and there is no evidence in the record that he agreed the proceedings be conducted in his absence, *see* 8 U.S.C. § 1229a(b)(2)(A). We agree, and therefore grant Cruz–Hernandez's petition for review of the Board of Immigration Appeals' (BIA) denial of Cruz–Hernandez's motion to reopen. We remand to the BIA with directions to remand to the IJ for a new removal hearing.

■ Because the IJ based his determination that Cruz–Hernandez was removable on the sole ground that the Attorney General had "reason to believe" that Cruz–Hernandez had been involved in illicit trafficking in a controlled or listed substance or chemical, pursuant to 8 U.S.C. § 1182(a)(2)(C)(i), Cruz–Hernandez's claim that the crime for which he was indicted was not a controlled substance offense is not germane and we do not reach it here. Nor do we reach Cruz–Hernandez's other claims, which are based on errors related to Cruz–Hernandez's absence at his prior removal hearing. Cruz–Hernandez's remaining claims are therefore dismissed. For the same reasons, we dismiss Cruz–Hernandez's petition for review of the BIA's denial of his appeal from the IJ's determination of removability.

Each party will bear its own costs on appeal.

**PETITION FOR REVIEW of Appeal No. 05–75707 GRANTED in part; DISMISSED in part; REMANDED with instructions that Cruz–Hernandez receive a rehearing.**

* The panel unanimously concludes this case is suitable for decision without oral argument.

**PETITION FOR REVIEW of Appeal No. 05–70954 DISMISSED.**